**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4515**

_____

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

v.

MARCUS GERROD STOKES,

       Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Roderick Charles Young, District Judge.  (4:24-cr-00019-RCY-DEM-1)

_____

Submitted:  May 27, 2025                                    Decided:  August 8, 2025

_____

Before GREGORY and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, Richmond, Virginia, Daniel J. Honold, Assistant United States Attorney, Alexandria, Virginia, Catherine Black, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Stokes pleaded guilty to the unlawful possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) and was sentenced to a 57-month term of imprisonment, a sentence at the low end of his Guidelines' range. He now challenges his conviction as unconstitutional under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and his sentence as procedurally and substantively unreasonable.

As even Stokes acknowledges in briefing, his facial and as-applied challenges to § 922(g)(1)'s constitutionality are squarely foreclosed by our decisions in *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024), and *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024). *See McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (recognizing "the basic principle that one panel cannot overrule a decision issued by another panel"). So we do not disturb his conviction.

We do not disturb his sentence either. We review his sentence for abuse of discretion. *United States v. Elboghdady*, 117 F.4th 224, 233–34 (4th Cir. 2024) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). As relevant here, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and that "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Stokes received a sentence at the low end of his Guidelines range here and he fails to rebut its presumptive reasonableness. The record reflects a thorough consideration of Stokes' arguments for a downward variance and an individualized

2

application of the § 3553(a) factors. The district court did not abuse its ample discretion in imposing a 57-month sentence.

*AFFIRMED*